IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **REBECCA LOMAS,**<br><br>　　Plaintiff,<br><br>vs.<br><br>**EMERGENCY MEDICAL BILLING, L.L.C.,** a limited liability company; **BONNEVILLE BILLING & COLLECTIONS, INC.,** a corporation; and **JENSEN & SULLIVAN, L.L.C.**, a limited liability company.<br><br>　　Defendants. | **ORDER**<br><br>Case No. 2:07-cv-952<br><br>Judge Dee Benson |

　　This matter comes before the Court on Defendant Bonneville Billing & Collections, Inc.'s Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and Plaintiff's Motion for Relief from the 90 day Period under DUCivR 23-1(d).

## BACKGROUND

　　Plaintiff Rebecca Lomas filed suit against Defendants on December 6, 2007. In her Complaint, Plaintiff asserts two causes of action against Defendants. Plaintiff's first cause of action alleges that each of the Defendants violated various sections of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's second cause of action alleges that each of the Defendants violated the Utah Consumer Sales Practices Act ("UCSPA").

　　As alleged in Plaintiff's Complaint, on April 4, 2006, Plaintiff received medical treatment at Mountain View Hospital. Plaintiff's Complaint, ¶ 7. Payment arrangements were made with the hospital with respect to the hospital's bill. Plaintiff's Complaint, ¶ 9. Plaintiff received a separate bill from the doctor who provided treatment for her in the amount of $271

1

...

and Plaintiff made arrangements to pay $25 per month on that bill. Plaintiff's Complaint, ¶ 10. The bill was processed through Defendant Emergency Medical Billing, L.L.C. ("EMB"). Plaintiff made a total of $150.00 in payments prior to September 12, 2007. Plaintiff's Complaint, ¶ 10. Bonneville subsequently sued Plaintiff in state court for the sum of $291.00 plus interest and attorney's fees if applicable. Plaintiff's Complaint, ¶ 11.

Plaintiff alleges that the EMB bill contained unlawful charges and collection fees in violation of Section 1692 (e) and (f) of the FDCPA. Plaintiff's Complaint ¶¶ 13-18, 34-35. Plaintiff brings this action on behalf of herself and, "…a class of Utah debtors from whom the defendants attempted to collect: (1) attorney's fees; (2) monthly service charges; (3) interest in excess of the statutory rate of 10 percent per annum; or (4) collection fees, that are not provided for within written contracts with the debtors." Plaintiff's Complaint, ¶ 23.

On January 30, 2008, Bonneville tendered an Offer of Judgment pursuant to Fed. R. Civ. P. 68 (the "Rule 68 Offer"). Bonneville's Rule 68 Offer was in the amount of Five Thousand One Dollars ($5,001.00), as well as reasonable costs and reasonable attorney's fees incurred in prosecuting the case against Bonneville through the date of the Rule 68 Offer. Plaintiff never responded to Bonneville's Rule 68 Offer.

On April 18, 2008, Bonneville filed a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and accompanying Memorandum Brief. Docket Entry No.'s 14 and 15. Plaintiff filed a Memorandum in Opposition to Bonneville's Motion to Dismiss on May 2, 2008. Docket Entry No. 16. Bonneville filed a Reply in Support of its Motion to Dismiss on May 13, 2008. Docket Entry No. 22. Defendants EMB and Jensen & Sullivan, LLC ("Jensen & Sullivan") did not file any pleadings with respect to Bonneville's Motion.

On May 22, 2008, Plaintiff filed a Motion for Relief from the 90 day Period under DUCivR 23-1(d) and accompanying Memorandum Brief.  Docket Entry No.'s 25 and 26.  On June 5, 2008, Defendant Jensen & Sullivan, L.L.C. filed a Memorandum in Opposition to Plaintiff's Motion for Relief.  Docket Entry No. 29.  Defendant Bonneville joined in Jensen & Sullivan's Opposition Memorandum on June 24, 2008.  Docket Entry No. 40.

A hearing was held on July 1, 2008 regarding Bonneville's Motion to Dismiss and Plaintiff's Motion for Relief from the 90 day period.

The Court, having reviewed all pleadings filed by the parties and having heard oral arguments from the parties, now issues the following ORDER:

**ORDER**

The Court is persuaded by the general rule of this Circuit that a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified. Reed v. Heckler, 756 F.2d 779, 785 (10th Cir. 1985) (citations omitted); In re Standard MetalsCorp., 817 F.2d 625, 629 (10th Cir. 1987). The Court is also persuaded by the Seventh Circuit's pronouncement in Rand v. Monsanto Co., 926 F.2d 596 (7th Cir. 1991), wherein the court held that, "once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate…and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1) because he has no remaining stake." Id., at 598.

The case of Ambalu v. Rosenblatt, 194 F.R.D. 451 (E.D.N.Y. 2000) applied the principles set forth in Reed v. Heckler and In re Standard Metals Corp. to a claim under the federal Fair Debt Collection Practices Act (the "FDCPA"). The Court finds the Ambalu case and the rationale set forth therein particularly persuasive. The Ambalu Court went through great

discussion about the desire to promulgate and encourage settlement. The <u>Ambalu</u> Court quoted the United States Supreme Court in explaining: "the plain purpose of Rule 68 is to encourage settlement and avoid litigation…The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits. <u>Ambalu</u>, supra, at 453, quoting, <u>Marek v. Chesny</u>, 473 U.S. 1, 5, 105 S.Ct. 3012, 3014, 87 L.Ed.2d 1 (1985).

The Court finds that where no class has been certified, and there is not at least a pending motion for certification that has been filed with the Court, there is no basis for a class action to go forward when the underlying lead plaintiff's claim has been mooted via an Offer of Judgment.

The Rule 68 Offer offered Plaintiff $5,001.00 plus Plaintiff's reasonable costs and attorney's fees incurred in prosecuting the case against Bonneville through the date of the Rule 68 Offer. As such, the Rule 68 Offer is far in excess of the maximum Plaintiff can hope to recover at trial of the present action. Damages under the FDCPA for a successful plaintiff are limited to actualdamages, a maximum of $1,000.00 in statutory damages, and costs and reasonable attorney's fees. 15 USC § 169K(a)(1), (2)(A), (3). Plaintiff has set forth no pleading that establishes any actual damage. Accordingly, Plaintiff's claims are limited to statutory damages, costs, and reasonable attorney's fees. By offering Plaintiff $5,001.00 plus costs and reasonable attorney's fees, the Rule 68 Offer offered Plaintiff far in excess of what she can hope to recover at trial. As Bonneville has offered to satisfy Plaintiff's entire claim, Plaintiff no longer has a dispute over which to litigate. Similarly, Plaintiff no longer has a remaining stake in the present action. <u>See</u>, <u>Ambalu</u>, <u>supra</u>, at 453, citing, <u>Rand v. Monsanto Co</u>., 926 F.2d 596, 598 (7th Cir. 1991).

The Court finds that there is sufficient case law indicating that the claims set forth in Plaintiff's Complaint were mooted by the Rule 68 Offer. The Court further finds that Plaintiff could not possibly serve as an adequate class representative under the facts and circumstances of the present dispute. As named class representative, Plaintiff would have an obligation to fairly and adequately protect the interests of the class. Fed.R.Civ.P 23(a)(4). There is no possibility, even if Plaintiff's claims were allowed to go forward, that Plaintiff would ever recover more at trial that she been offered by the Rule 68 Offer, particularly with regard to fees and costs and so forth. The foregoing puts Plaintiff in an untenable position and she would not be an appropriate putative class representative, because her interests at least carry the perception of some degree of antagonism to the claims of the remaining putative class.

In dismissing Plaintiff's claims against Bonneville, the Court finds no prejudice to Plaintiff, as she has received far in excess to what she may hope to receive at trial. Moreover, the Court finds that there is no prejudice to any potential class members, as the dismissal of this claim would not preclude any potential class members from filing either an individual claim or class action.

With respect to Plaintiff's Motion for Relief from the 90 day Period set forth in DUCivR 23-1(d), the Court finds the 90 day period is generous and needs to be complied with at least by filing a motion for extension of time within the 90 day period. Plaintiff did not seek relief from the 90 day period until after it had expired and after Plaintiff's claims were mooted by Bonneville's Rule 68 Offer.

In light of the foregoing, the Court ORDERS as follows:

1. Plaintiff's Motion for Relief from the 90 day Period under DUCivR 23-1(d) (Docket Entry No. 25) is DENIED.

      2.      Bonneville's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) (Docket Entry No. 14) is GRANTED.

      3.      Bonneville shall tender the total sum of $5,001.00, plus Plaintiff's costs and reasonable attorneys' fees incurred through January 30, 2008 in the prosecution of Plaintiff's Complaint against Bonneville.

      4.      Within fifteen (15) days of the date of this Order, Plaintiff shall submit to the Court a Bill of Costs and an affidavit of reasonable attorneys' fees setting forth the amount of costs and reasonable attorneys' fees incurred by Plaintiff for prosecution of the present federal action against Bonneville through January 30, 2008;

      5.      Bonneville shall have fifteen (15) days to respond to Plaintiff's Bill of Costs and affidavit of reasonable attorneys' fees;

      6.      Within fifteen (15) days of the Court approving the amount of costs and reasonable attorneys' fees to which Plaintiff is entitled, Bonneville shall tender to Plaintiff the $5,001.00, plus costs and reasonable attorneys' fees as set forth above.

      6.      Plaintiff's claims against Bonneville under the FDCPA are hereby dismissed with prejudice as moot;

      7.      The Court declines to exercise supplemental jurisdiction with respect to Plaintiff's claim under the Utah Consumer Sales Practices Act against Bonneville.

      SO ORDERED this 25th day of August, 2008.

      BY THE COURT:

      _____
**Honorable Dee Benson**
**United States District Court Judge**
**In the United States District Court, District of Utah, Central Division**

## Certificate of Service

The undersigned hereby certifies that on August 1, 2008 a true and correct copy of the foregoing was electronically served on all parties to the following e-mail addresses:

    lap@hooleking.com.
    gjsanders@kippandchristian.com
    kkelly@rqn.com

**/s David R. Hamilton**

_____
DAVID R. HAMILTON (1318)
3434 Washington Blvd., Suite 202
Ogden, UT 84401
Telephone:    (801) 436-0001
Facsimile:      (801) 436-0003
E-mail: david@drhpc.com